STATE OF NORTH CAROLINA v. DONALD HARRIS

No. 7410SC543

(Filed 3 July 1974)

1. **Criminal Law § 145.1— condition of probation — construction**

     Condition of probation that defendant pay a fine of $700 "as directed by the probation officer" did not give defendant the entire period of his probation to pay the $700, and defendant breached such condition where he was directed by the probation officer to pay at least $50 per month but had made no payment for a period of ten months.

2. **Criminal Law § 145.1— probation condition — wilful failure to pay fine**

     There was sufficient evidence to support a finding that defendant's failure to comply with a probation condition that he pay $50 a month on a fine was wilful where it showed that defendant had been employed at a number of jobs during the more than two and one-half years that his probation was in effect and that he failed to make any payment during a ten-month period before the revocation hearing.

APPEAL by defendant from *McLelland, Judge,* 7 January 1974 Session of Superior Court held in WAKE County.

Defendant in this criminal case appeals from orders revoking his probation upon a finding he had willfully violated conditions of his probation and revoking suspension of his prison sentence and placing the sentence into immediate effect.

On 26 May 1971, after appeal from convictions in the District Court, defendant, represented by counsel, pled guilty in the Superior Court to a charge of driving a motor vehicle on the public highways while under the influence of intoxicating

liquor and to two charges of driving while his operator's license was permanently revoked. The three charges were consolidated for judgment and defendant was sentenced to prison for a term of four years and six months. The judgment provided, however, that this sentence be suspended for five years and defendant be placed on probation under the supervision of the North Carolina Probation Commission upon certain conditions, to which defendant gave consent. Included among the conditions of probation was a special condition that defendant pay a fine of $700.00 "as directed by the probation officer."

On 9 January 1974 a hearing was held in Superior Court before Judge D. M. McLelland, at which defendant was present and represented by counsel, to determine whether defendant had willfully violated the terms and conditions of the probation judgment as reported by the State Probation Officer. At this hearing, defendant's counsel stipulated he still owed $330.00 on his fine. Following the hearing, Judge McLelland entered an order in which he found as a fact that defendant had "wilfully violated the conditions of his probation in that he had failed to make $50 a month payments on his Court indebtedness as directed and has made no payments since March, 1973 during which period he was able and had the means to make said payments." On this finding, the court ordered defendant's probation revoked and the sentence of four and one-half years theretofore imposed placed into immediate effect. On subsequent review of the file, Judge McLelland entered an order dated 15 February 1974 in which he found that the prison sentence of four years and six months exceeded the maximum permitted by law for the most serious charge to which defendant had pled guilty, and in accord with this finding, "ex mero motu, and by authority of the ruling in *State v. Seymour,* 265 N.C. 216 (1965)," ordered that the sentence imposed on 26 May 1971 be vacated, that in its place defendant be sentenced to prison for the term of two years suspended upon the same conditions as provided in the original judgment, and that the previous orders entered 9 January 1974 revoking probation and revoking suspension of sentence be amended to change the stated term of imprisonment from four and one-half years to two years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William B. Ray and William W. Melvin for the State.*

*Arnold & Adams by Brenton D. Adams for defendant appellant.*

PARKER, Judge.

In his brief appellant understandably raises no question as to that portion of Judge McLelland's order of 15 February 1974 in which the court, ex mero motu, reduced defendant's prison sentence to two years, which was the maximum sentence authorized by statute for the most serious of the offenses to which he had pled guilty. G.S. 20-28. Accordingly, on this appeal we express no opinion as to the procedure by which this correction in the sentence was accomplished.

[1] In his brief, appellant contends that "it was not a condition of the defendant's suspended sentence that he make monthly payments of $50.00 per month, but rather that he pay $700.00 during the term of his suspension under the direction of his probation officer," and he submits that he was complying with the terms of his suspended sentence "in that he had made more than half of his total payment during approximately half of the period of suspension." The probation judgment did not, however, as appellant now contends, direct that he pay the fine of $700.00 "during the term of his suspension under the direction of his probation officer," but on the contrary, clearly directed that he pay the fine "as directed by the probation officer." Further, the record clearly discloses that defendant had been "advised repeatedly by this officer to make regular payments on his court indebtedness of not less than $50.00 per month." A written report containing that statement was served on defendant on 3 October 1972, some fifteen months prior to the hearing at which his probation was revoked. There can be no question that defendant clearly understood the rate at which he was to pay his fine.

[2] Appellant's remaining contention, that there was insufficient evidence to support the court's finding that his violation of the terms of his probation was willful, is equally without merit. The evidence indicates that defendant had been employed at a number of jobs during the more than two and one-half years that his probation remained in effect and that he never-

theless failed to make any payment on his fine during the ten-month period preceding the revocation hearing.

The orders appealed from are

Affirmed.

Judges CAMPBELL and BRITT concur.